**Lloyd C. WIRTH, Petitioner and Respondent,**

**v.**

**WORKMEN'S COMPENSATION BUREAU for and in Behalf of the UNEMPLOYMENT COMPENSATION DIVISION, a department of the State of North Dakota, Respondent and Appellant.**

No. 8282.

Supreme Court of North Dakota.

April 20, 1966.

K. M. Knutson, Minot, for petitioner and respondent.

Lawrence E. Watson, Sp. Asst. Atty. Gen., Bismarck, for respondent and appellant.

PER CURIAM.

This is an appeal from the judgment of the district court for Burleigh County, the Honorable George Thom, Jr., District Judge, presiding, reversing the determination of the Workmen's Compensation Bureau denying unemployment compensation benefits to the petitioner, Lloyd C. Wirth, and directing such benefits be paid to the petitioner, with reasonable attorney fees.

The petitioner, upon the termination of covered employment in the fall of 1960, filed a claim for benefits under the Unemployment Compensation Act. His claim was allowed, but after several benefit payments had been made his benefits were suspended when a claims deputy determined that he was a "self-employed" farmer and, therefore, not "unemployed." Upon this determination being affirmed by the Appeal Tribunal and the Board of Commissioners of the Workmen's Compensation Bureau, the petitioner appealed to the district court for a judicial review of said determination.

The petitioner is the owner of a 320 acre farm and of farm machinery to farm the land. In 1958 he placed the land in the Soil Bank and obtained employment in the construction field. Since then he has done no work on the farm. He had the seeding of the grass and other practices required by the soil bank program performed by hired labor. He had no livestock. He also shares in the crop from 160 acres of land owned by his sister under an arrangement that is difficult to determine from the record. However, it appears that a neighbor operates the land, using the petitioner's machinery. The operator, sister, and the petitioner all share in the proceeds of the crops raised on the sister's land.

The petitioner had worked off the farm for several years prior to the year 1958

to supplement the farm income, which was low because of successive crop failures. In 1958 he quit farming, placed his land in the Soil Bank, and entered the labor market, holding himself available for hire at any and all times.

He has met all of the requirements of Section 52–06–01, N.D.C.C., entitling him to benefits, and none of the conditions are present disqualifying him from benefits under Section 52–06–02, N.D.C.C.

The facts and issues involved in this action are substantially the same as those in the case of Beck v. Workmen's Compensation Bureau for and in Behalf of the Unemployment Compensation Division, N. D., 141 N.W.2d 784.

Our decision in this case is governed by our holding in the *Beck* case modifying the judgment of the trial court as to the award for attorney's fees, and otherwise affirmed.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.